UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

**HERCULES LIFTBOAT COMPANY, L.L.C.**   **CIVIL ACTION NO. 07-1236**

**VERSUS**   **JUDGE MELANÇON**

**MAURICE JONES**   **MAGISTRATE JUDGE METHVIN**

### REPORT AND RECOMMENDATION ON MOTION TO DISMISS
*Rec. Doc. 10*

Before the court is a motion to dismiss filed by defendant Maurice Jones ("Jones").[1] Plaintiff Hercules Liftboat Company, L.L.C. ("Hercules") opposes the motion.[2] For the reasons set forth below, it is recommended that the motion be granted and that this declaratory judgment action be dismissed.

*Background*

On April 7, 2007, Jones was allegedly injured while working for Hercules on their liftboat KINGFISH. On July 30, 2007, Hercules filed the instant declaratory judgment action seeking to determine Hercules's maintenance and cure obligations to Jones.[3] On August 6, 2007, Jones filed a petition in the United States District Court, Southern District of Texas, Galveston Division under the Jones Act, 46 U.S.C. § 688, seeking damages from Hercules for the injuries sustained. On September 28, 2007, Jones filed the instant motion to dismiss Hercules's declaratory judgment action.

---

[1] Rec. Doc. 10 as corrected by Rec. Doc. 12.

[2] Rec. Doc. 15.

[3] Rec. Doc. 1.

2

## *Contention of the Parties*

Jones maintains that the declaratory judgment action must be dismissed because he has chosen to exercise his right to choose the forum where his case will be heard. Hercules concedes that typically, where a seaman has filed a state court petition, an employer's declaratory judgment action regarding maintenance and cure should be dismissed. Hercules maintains, however, that Jones's federal court petition does not include a demand for maintenance and cure, and therefore, the court should not dismiss the declaratory judgment action.

## *Legal Analysis*

Under the Declaratory Judgment Act, a district court has a measure of discretion in deciding whether to entertain the action. See to 28 U.S.C. § 2201. However, "the district court's discretion is broad, it is not unfettered." St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590 (5th Cir. 1994), citing Travelers Ins. Co. v. Louisiana Farm Bureau Federation, 996 F.2d 774, 778 (5th Cir.1993). The court must consider the following factors in determining whether to entertain a declaratory action: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." Sherwin-Williams Co. v. Holmes County 343 F.3d 383, 387 (5th Cir. 2003).

There is no dispute that the declaratory action *sub judice* is justiciable. The issue regarding whether maintenance and cure is owed is an actual controversy. Likewise, the authority of the court to grant declaratory relief is not in question. Rather, the issue in this case is whether the court should exercise its discretion to decide or dismiss the case.

Relevant factors the district court must consider in determining whether to dismiss a declaratory judgment, include:

3

1)   whether there is a pending state action in which all of the matters in controversy may be fully litigated,

2)   whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,

3)   whether the plaintiff engaged in forum shopping in bringing the suit,

4)   whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist,

5)   whether the federal court is a convenient forum for the parties and witnesses, and

6)   whether retaining the lawsuit in federal court would serve the purposes of judicial economy

St. Paul Ins. Co. v. Trejo, 39 F.3d at 590-591.

Hercules contends that Jones's federal court suit in Texas does not qualify as "a pending state court case," and it fails to include any demand for maintenance and cure. Hercules reasons that the first factor weighs in support of the court entertaining the declaratory action because there is no pending state action in which all the matters in controversy may be fully litigated.

Hercules offers no legal authority to support its contention that a federal court action rather than a state action constitutes a factor in this analysis. Furthermore, the fact that the Texas suit does not include a maintenance and cure demand is not dispositive of the issue before the court. The first factor simply requires that the other forum be one in which "all of the matters in controversy may be fully litigated," it does not require that all of the matters be alleged in the complaint initiating the second suit. In the event that Jones does not amend the Texas complaint to assert a claim for maintenance and cure, Hercules has the right to assert a counterclaim against Jones to resolve the maintenance and cure issue. Since the issue of maintenance and cure can be fully litigated in the Texas court case, in addition to other issues that are not presented in the

4

instant federal action, the fact that there is a pending federal court case weighs in favor of dismissal.

Moreover, even if no state court suit has been filed, this is not dispositive. Sherwin-Williams Co. 343 F.3d at 394. In Sherwin-Williams Co., the court concluded that a *per se* rule requiring a district court to hear a declaratory judgment action because of the lack of pending state court case is inconsistent with the discretionary authority of the court. The court reasoned that since the presence of a related state proceeding does not automatically require a district court to dismiss a federal declaratory judgment action, the lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action. *See also* Aries Marine Corp. v. Lolly, 2006 WL 681184 (W.D.La. 2006). In Lolly, this court dismissed the declaratory judgment action brought by the seaman's employer contesting maintenance and cure benefits because the totality of the Trejo factors favored dismissal even though plaintiff had not yet filed a state court proceeding.

With regard to whether Hercules filed suit in anticipation of a lawsuit by Jones, whether there was forum shopping, and whether there are possible inequities in allowing the declaratory action to proceed, it is clear that these factors weigh in favor of dismissal. Hercules filed the instant case less than four months after Jones's accident. Moreover, Jones was undergoing treatment with Dr. Cupic at the time Hercules filed the suit. To allow Hercules's rush to file the instant suit to take precedence over Jones's right under the Savings to Suitors clause to choose the forum, would encourage a "race to the courthouse." Travelers Insurance Co. v. Louisiana Farm Bureau Federation, 996 F.2d 774 (5th Cir. 1993).

5

Additionally, as pointed out by this court in Lolly, the traditional plaintiff, i.e., the party that was injured, is "generally entitled to choose his forum, and that choice is 'highly esteemed.'" Aries Marine Corp. v. Lolly, 2006 WL 681184 at p. 3, citing Time, Inc. v. Manning, 366 F.2d 690, 698; Peteet v. Dow Chemical Co., 868 F.2d 1428 (5th Cir. 1989).  Furthermore, as a Jones Act seaman, Jones has a right to have a jury decide all issues, including maintenance and cure. Fitzgerald v. United States Lines Co., 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963); Rowan Companies, Inc. v. Blanton, 764 F.Supp. 1090 (E.D.La. 1991).  Accordingly, the undersigned concludes that allowing Hercules's quickly filed action to circumvent Jones's right to choose the forum for his suit, and the possible inequities therein, weigh in favor of dismissal.

The final two factors concern whether the federal court is a convenient form and whether retaining the declaratory action would serve the purposes of judicial economy.  As the Southern District of Texas is home to Jones, Hercules, and the two physicians who have treated Jones, I find that the Southern District of Texas is a convenient forum for the parties.  Likewise, judicial economy is better served by one court hearing all of the matters in controversy.

Thus, balancing the Trejo factors, the undersigned finds that Hercules's preemptive declaratory judgment action should be dismissed.  In addition to the Trejo factors weighing in favor of dismissal, the undersigned notes that dismissal of an employer's preemptive declaratory judgment action regarding maintenance and cure benefits in a maritime personal injury cases is in accord with other cases.  See Torch, Inc. v. LeBlanc, 947 F.2d 193 (5th Cir. 1991); Rowan Companies, Inc. v. Blanton, 764 F.Supp. 1090 (E.D.La. 1991); Aries Marine Corp. v. Lolly, 2006 WL 681184.

*Conclusion*

Based on the foregoing, it is RECOMMENDED that defendant's motion to dismiss be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), Fed.R.Civ.P., the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its receipt, or within the time frame authorized by Rule 6(b) Fed.R.Civ.P., shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on November 15, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)